# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| Johnny Stroud, Sr., ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | |
| Credit Control Services, Inc., ) | **COMPLAINT WITH** |
| d/b/a Credit Collection Services ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Johnny Stroud, Sr., is a natural person who resides in Towns County, Georgia.

2. Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services is a Delaware corporation with its principal place of business in Norwood,

1

Massachusetts. It is not authorized to do business in Georgia. It can be served with process through its president, Mr. Steven Sands at 725 Canton Street, Norwood, Massachusetts 02062.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Gainsville Division because the conduct complained of herein occurred in Towns County.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of automobile insurance premium and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff has fallen behind on a significant number of consumer debts over the last few years.

13. The Plaintiff had been receiving collection calls and letters from a number of parties over the course of the last year.

14. In an effort to identify his creditors and tabulate his debt, the Plaintiff obtained his credit file as published by Transunion, a major credit reporting agency, in June 2020.

15. In reviewing the Transunion report Plaintiff noted a tradeline being reported by the Defendant as being in collections that he did not recognize.

16. On or about June 24, 2020 Plaintiff initiated a call to Defendant to obtain more information.

17. The Plaintiff was connected with an individual identifying himself as "Leo Lavalley" who identified himself as a representative of the Defendant.

18. In an attempt to verify the Plaintiff's identity, the Defendant asked for his phone number. The phone number provided by the Plaintiff did not match the number in the Defendant's system.

19. The Plaintiff explained that he was calling about a tradeline that appeared on his credit report. He further explained to Defendant's representative that the tradeline showed it was collecting a debt on behalf of Progressive Insurance in the amount of $124.

20. The Defendant asked if the Plaintiff has ever gone by the name "John". The Plaintiff responded that he did not, but that his son uses the first name, John.

21. The Defendant then asked the Plaintiff to confirm his mailing address and birth date. This information did not match that contained in the Defendant's record.

22. The Plaintiff plainly expressed to the Defendant that this was not his debt.

23. The Defendant conceded that the debt may be owed by the Plaintiff's son and advised the Plaintiff to get in contact with his son and to advise him of the debt. The conversation terminated thereafter.

24. In an effort to continue monitoring his credit report, the Plaintiff accessed his Transunion report again on August 28, 2020.

25. At that time he noted that the Defendant had not deleted the negative tradeline nor even indicated that the debt had been disputed. Reproductions of the respective tradelines from each of these credit reporting bureaus appear below.

```
CREDIT COLLECTION SERVIC #5612****
P O BOX 607
NORWOOD, MA 02062
(603) 570-4784

Placed for         02/02/2015          Balance:            $124           Pay Status:   >In Collection<
collection:                            Date Updated:       08/14/2020
Responsibility:    Individual Account  Original Amount:    $124
Account Type:      Open Account        Original Creditor:  PROGRESSIVE
Loan Type:         COLLECTION          Past Due:           >$124<
                   AGENCY/ATTORNEY

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 12/2021
```

26. The communications by the Defendant to Transunion and Experian, respectively after June 24, 2020, were in furtherance in its efforts to collect a consumer debt. Moreover, they were objectively false statements.

## INJURIES-IN-FACT

27. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

28. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

29. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

30. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

31. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant

provides recipients of Plaintiff's credit report a false impression of his debt to income ratio and credit worthiness.

32. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

33. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff;

c.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

d.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and that Defendant was intent upon engaging engage in false credit reporting. The anxiety and worry experienced by the Plaintiff was

sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

34. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully stated herein.

*Violations of 15 U.SC. § 1692c(a)e and its subparts*

35. 15 U.S.C. § 1692(b) prohibits a debt collector from communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector absent consent of the debtor or a court of competent jurisdiction.

36. The Defendant's disclosure to the Plaintiff that the account in collection was likely his son, and it subsequent direction to Plaintiff to contact his son and advise him of the debt was a violation of 15 U.S.C. § 1692(b).

*Violations of 15 U.SC. § 1692e and its subparts*

37. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

38. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

39. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

40. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

41. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

42. The communication by the Defendant to Transunion and, by extension, its subscribers was objectively false and materially misleading and a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(8).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

43. Plaintiff incorporates by reference paragraphs 1 through 33 and 35 through 42 as though fully stated herein.

44. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

45. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

46. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

47. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

48. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

49. Defendant's conduct has implications for the consuming public in general.

50. Defendant's conduct negatively impacts the consumer marketplace.

51. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

52. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

53. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

54. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

55. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

56. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 10th day of September, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*